# Richard Wells *against* Margaret Pfeiffer.

Where mortgaged property has been incorrectly described in the sheriff's advertisement, though the mistake is rectified before the sale, yet if sold at an under value, court will set aside the sale.

MOTION to set aside the sheriff's sale of two houses and lots in the city, on a *levari facias*, to this term.

[Wells *v.* Pfeiffer.]

The mortgaged premises were advertised, as subject to a ground rent of 6l. 10s. sterling per annum.   It was found out at the time of sale, that the mortgaged premises were subject only to the ground rent of 3l. 5s. sterling, the whole lot being chargeable with 6l. 10s. per annum, which the ground landlord refused to divide.   The true state of the property was fully explained to the persons present, before the sale opened.   A number of bidders attended, and Peter Hudson became the highest bidder, at $1180, and had paid part of the purchase money.

The under sheriff and another person declared, that they thought the premises were sold at a full price.   But two others declared, that they heard responsible men say, they would give *204] between 1500 and 1600 dollars, for the houses; and another witness swore, that they were well worth 2000 dollars.

Mr. Hallowel, for the purchaser, contended, there was no ground to set aside the sale, even admitting that there had been an error in the advertisement.   The mistake was rectified at the time; but independent thereof, every reasonable man could calculate a rent charge, when he purchases property incumbered with it.   The sale was fair, and many bidders attended.   Mere inadequacy of price is no ground for vacating the sale.   If the purchaser has had a good bargain, he has a right to the benefit of it.

Messrs. E. Tilghman and S. Levy *e contra*, urged, that many persons would buy property incumbered with a yearly charge of 3l. 5s. sterling, who would not lay out their money on it, if the rent was doubled.   In effect here has been only a parol advertisement of the property.   The sale has been conducted under a misapprehension, that the purchaser was buying in for the defendant, a widow; and it has gone off much under value.   We are persuaded, the houses will bring a much better price, if the true state of the property is made known at another sale.   And we offer to repay the purchaser, his interest on the sums he has advanced to the sheriff, and also the costs which he has incurred by our opposing the sale.

BY THE COURT.   The advertisement was incorrect, and the application has been made, as early as it was possible.   It is an additional circumstance, that by the weight of the evidence, it appears that the houses have been sold at an under value. Wherefore on the terms proposed by the defendant's counsel,

Let the sale be set aside.